(No. 2232—

WALTER P. ROSSITER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1935.*

GEORGE V. B. WEEKS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant filed his claim on August 11, 1933, alleging that on September 21, 1932 while employed by the Division of Highways of Illinois and while engaged in work on Highway No. 17 in helping to operate a mud-jack the latter was thrown into gear without warning and the knives and blades of same struck the right hand of claimant, whereby he suffered certain injuries and the loss of use of said right hand. Complaint further alleged that claimant's wages were $4.50 per day; that no compensation has been received for the said injury; that the claim has never been presented to any department or officer of the State and he files his Bill of Particulars as follows:

Services of Dr. Barackman............................$ 13.00
St. Mary's Hospital....................................... 5.00
Loss of use of hand since Sept. 21, 1932.................... 1,482.00

The Attorney General has filed a motion to strike from the Bill of Particulars Item No. 3, for the reason that same fails to show that any claim for compensation was made within six months after the date of the accident, as required by "Section 24" under the "Workmen's Compensation Act."

The injury, for which claim was filed, was received on September 21, 1932, and the records do not show that any claim for compensation was made until the claim was filed on August 11, 1933. Such being the situation, the claim of $1,482.00 for compensation cannot be maintained.

"No proceeding for compensation under this Act shall be maintained unless a claim for compensation has been made within six months after the accident."

Section 24 W. C. A. Ill. Revised Statutes.

"The making of a claim for compensation is jurisdictional and is a condition precedent to the right to maintain a proceeding under the Workmen's Compensation Act."

*City of Rochelle* vs. *Industrial Comm.*, 332 Ill. 386.

The above rules would not apply to the rendering of first aid and medical treatment and an award in settlement of the bill of Dr. Barackman for $13.00 and St. Mary's Hospital for $5.00 may be properly made.

The motion to strike from Bill of Particulars Item No. 3, for compensation for loss of use of hand, is allowed, and an award is hereby entered in favor of claimant, Walter P. Rossiter, for use of Dr. Barackman, $13.00, and for the use of St. Mary's Hospital, $5.00, being a total of $18.00.

This award is made under the terms of the Workmen's Compensation Act of Illinois, and is payable, upon approval by the Governor, from the road fund appropriation, authorized under House Bill No. 1139, approved July 2, 1935.